IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 2000 Session

## JAMES F. KARLS v. PERCY PITZER, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9153     Jon Kerry Blackwood, Judge**

---

**No. W1999-01107-COA-R3-CV - Filed September 12, 2000**

---

This is an appeal from the trial court's order dismissing a petition for writ of habeas corpus for failure to state a claim upon which relief can be granted.  We affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

James F. Karls, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellees, Percy Pitzer, Corrections Corporation of America and Doctor R. Crants.

### OPINION

James F. Karls, proceeding *pro se*, appeals the Hardeman County Circuit Court's denial of his habeas corpus petition for failure to state a claim upon which relief can be granted.  *See* Rule 12.02(6) Tenn. R. Civ. P.  A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the claim.  This motion does not weigh the strength of the proof presented by the petitioner.  A court determines whether to grant the motion based solely on the allegations stated in the complaint, and, for purposes of the motion, the allegations are taken as true.  *See Bell ex. rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550 (Tenn. 1999).

In early 1993, the petitioner was extradited to the United States as per an agreement between the governments of Costa Rica and the United States.  The terms of the extradition agreement required that Mr. Karls serve no more than twenty-five years imprisonment if convicted.  On April 22, 1994, the appellant was convicted and sentenced to life imprisonment.  On January 12, 1995, the Wisconsin governor commuted the appellant's sentence to twenty-five years with no possibility of parole to honor the extradition agreement.  On a date not made clear by the record, the appellant was

delivered to the custody of Corrections Corporation of America (CCA). CCA placed Mr. Karls at Whiteville Correctional Facility, a CCA operated private prison facility in Hardeman County.

On July 22, 1999, the petitioner filed a petition for writ of habeas corpus alleging that his incarceration by CCA is unlawful as it violates the United States, Tennessee and Wisconsin Constitutions as well as Tennessee and Wisconsin statutes. The petitioner pled what he considered "numerous assignments of error" including: 1) breach of international agreements, 2) unlawful extradition from a foreign country, 3) improper conviction, 4) unlawful clemency commutation, 5) illegal confinement, and 6) ineffective assistance of appellate counsel. In addition, the petitioner claimed that he was no longer a Wisconsin state prisoner because he had been remanded to the custody of CCA in violation of Wisconsin law. On July 30, 1999, the trial court dismissed the petition on the ground that it failed to state a cause upon which relief can be granted. The petitioner now seeks this court's review of the lower court's dismissal, stating in his petition the he "disagrees and even strongly feels that he has stated quite a claim and relief should be granted according to the Tennessee [c]onstitution." It is the conclusion of this court that the trial court correctly dismissed the petition for habeas corpus relief.

In Tennessee, habeas corpus relief is available only if "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered, that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). If the reviewing court finds nothing to indicate that the petitioner's convictions are entitled to relief, the court shall dismiss the petition without issuance of the writ of habeas corpus. *See* Tenn. Code Ann. § 29-21-109 (1980). In addition, under the Tennessee Rules of Civil Procedure, the trial court has the authority to dismiss pleadings which fail to state a claim upon which relief may be granted. *See* Tenn. R. Civ. P. 12.

The petitioner contends that the convicting court in Wisconsin was without jurisdiction to sentence the petitioner because the court entered a statutorily mandated life sentence in violation of the twenty-five year limit in the international extradition agreement between the United States and Costa Rica. We fail to see how this sentence would deprive the state of Wisconsin of jurisdiction for a crime committed within the borders of that state. Additionally, the petitioner challenged his extradition from Costa Rica, his conviction, his clemency commutation by Governor Thompson and ineffective assistance of his appellate counsel. These issues do not render the petitioner's conviction void, merely voidable; and thus, are not grounds for which habeas corpus relief may be granted in Tennessee. Additionally, the petitioner has not raised any claims in his petition that his sentence has expired, and thus it is not necessary for the court to address this issue.

A petitioner for habeas corpus relief bears the burden of demonstrating that his conviction is void or that his term of confinement has expired. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Mr. Karls has not shown that the judgment convicting him is void, and, as such, he has failed to meet his burden in this case. As the petition failed to state a claim which would entitle him to habeas corpus relief, the trial court was correct in its dismissal of the petition.

*See id.* (citing Tenn. Code Ann. § 29-21-109). Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the appellant James F. Karls, and his surety, for which execution may issue if necessary.

 

_____

DAVID R. FARMER, JUDGE